# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Oji Konata Markham,<br><br>Plaintiff,<br><br>v.<br><br>A. Tolbert, Officer 209; B. Miller, Officer 251; C. Glirbas, Officer 104; Officer 193; S. Hilyar, Officer; M. Shepard, Officer 2215; Denise Urmann, Officer 2214; Rawlings, Officer; Jennifer S. Bovitz, Prosecutor; Dain Olson, Prosecutor; Heather D. Pipenhagen, Prosecutor; Ryan Olson, Detective; Catherine Turner, Defense Counsel; Sara L. Martin, Appellate Counsel; Richelle M. Wahi, Judge; David L. Knutson, Judge; Oxana Harris; Diana Kladum; Brooklyn Park Police Department; Mendota Heights Police Department; and Dakota County Judicial Center,<br><br>Defendants. | Civ. No. 22-0187 (SRN/BRT)<br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

BECKY R. THORSON, United States Magistrate Judge.

Plaintiff Oji Konata Markham was found guilty after a jury trial in state court on one count of first-degree burglary. *See State v. Markham*, No. A16-1548, 2017 WL 3974466, at *1 (Minn. Ct. App. Sept. 11, 2017). In this action, Markham brings claims pursuant to 42 U.S.C. § 1983 against the officers who arrested him, the attorneys who prosecuted him, the attorneys who defended him, the judges who presided over the

1

state-court proceedings, and several other defendants related to Markham's criminal proceedings.

This lawsuit is, for the most part, an attempt by Markham to collaterally attack the validity of his burglary conviction. As explained more fully below, Markham is precluded from raising claims that necessarily imply the invalidity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Most of the few claims raised by Markham that do not necessarily imply the invalidity of his conviction are insufficiently pleaded or otherwise barred. Accordingly, this Court recommends that the bulk of this action be summarily dismissed pursuant to 28 U.S.C. § 1915A. One claim, however—that Markham's arrest was carried out in a manner inconsistent with the Fourth Amendment—should be allowed to proceed, and the defendants implicated by that claim will be directed by separate order to answer or otherwise respond to the complaint consistent with Rule 4 of the Federal Rules of Civil Procedure.

## I.     Legal Standard

Because Markham is a prisoner, his complaint is subject to preservice review under § 1915A, notwithstanding his payment of the filing fee owed in this matter. Under that provision, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[1] 28 U.S.C. § 1915A(a).

---

[1]     Some of the defendants do not appear to be "a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), but most of the defendants

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

---

are governmental employees, officers, or entities, and the presence of even one governmental defendant in a prisoner complaint renders the entire pleading subject to preservice review, *see Ehlers v. United States Navy*, No. 16-cv-0030 (DWF/TNL), 2016 WL 1592478, at *2 (D. Minn. Mar. 14, 2016) ("Section 1915A(b) is clear that, once this screening requirement is triggered under § 1915A(a), the court's review must encompass the *entire* complaint, including any portions of the complaint that would not have been subject to screening if not filed alongside the claims that triggered screening.").

## II. Analysis

Markham's complaint extends beyond three dozen pages and concerns events taking place prior to his arrest through his trial, appeal, and post-conviction proceedings. Because the allegations and claims span across so much territory, the pleading defies simple summarization. Rather than attempt such a summarization, this Court will discuss each aspect of the complaint in relation to the allegations and claims raised against eight discrete groups of defendants. As explained below, this Court finds that only a single claim (unlawful arrest pursuant to § 1983) should go forward against a single group of defendants (the officers alleged to be responsible for effecting that arrest).

### A. Defendants Tolbert, Miller, Clirbas, Officer 193, Hilyar, and Shepard

Markham alleges—and the judicial record available to this Court reflects—that he was arrested in his home in the absence of a warrant. *See Markham v. State*, No. A18-1831, 2019 WL 3293797, at *2 (Minn. Ct. App. July 22, 2019). Markham brings a claim under § 1983 against the law-enforcement officers responsible for carrying out the warrantless arrest. Unlike the bulk of the claims brought by Markham, this claim likely is not barred by *Heck* and therefore will be permitted to go forward.

A brief discussion of *Heck* is necessary. Under *Heck*,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. 477, 486–87. The upshot of *Heck* is clear. A criminal defendant has several appropriate procedural vehicles through which to challenge his conviction or sentence, including direct appeal, state post-conviction proceedings, and federal habeas corpus proceedings. Having failed at those efforts, however, a criminal defendant cannot turn to § 1983 or other purely civil remedies as a means of attacking his conviction or sentence.

Markham alleges that his arrest was unlawful because the arrest was affected in his home without a warrant, without probable cause, and without exigent circumstances. The first of these allegations, that Markham's arrest was carried out without a warrant, appears to be true, *see Markham*, 2019 WL 3293797, at *2, and in any event this Court must assume this factual allegation to be true. The second allegation has already been litigated; "Markham's arrest was supported by probable cause." *Id*. That finding has preclusive effect in this lawsuit. *See United States v. McManaman*, 673 F.3d 841, 847 (8th Cir. 2012); *Donovan v. Thames*, 105 F.3d 291, 297–98 (6th Cir. 1997); *Fain v. Andersen*, 816 N.W.2d 696, 699–703 (discussing Minnesota law of collateral estoppel). Markham has already fully litigated the question of whether officers had probable cause to arrest him for burglary. And even if that finding did not have preclusive effect, Markham's conviction on the charge for which he was arrested would defeat any claim that the arrest was affected without probable cause. *See Brown v. Willey*, 391 F.3d 968, 969 (8th Cir. 1994).

That the officers had probable cause to arrest Markham was sufficient for the Minnesota courts to conclude that Markham could not invoke the illegality of his arrest as grounds for challenging his conviction. *See Markham*, 2019 WL 3293797, at *2. That finding, however, does not entirely close the door to an unlawful-arrest claim. Two things are required for police officers to lawfully enter a person's home to carry out a warrantless arrest: probable cause *and* exigent circumstances. *See Payton v. New York*, 445 U.S. 573, 584-90 (1980). That Markham's arrest was carried out with probable cause bars Markham from showing that his conviction was unlawful, but it does not by itself establish that the arrest was affected lawfully. *See, e.g.*, *Thurmond-Green v. Hodges*, 128 F. App'x 551, 552 (8th Cir. 2005) (per curiam) ("[E]ven if the officers had probable cause to arrest [Plaintiff], a warrantless arrest would be unlawful absent exigent circumstances."); *Medley v. McClendon*, No. 1:06-cv-160 (CDP), 2008 WL 480127, at *4 (E.D. Mo. Feb. 19, 2008). And because Markham could potentially establish that his arrest was unlawful without necessarily implying the invalidity of his conviction, *Heck* does not appear to preclude the claim.[2]

---

[2]  Because this matter comes before the Court on preservice review under § 1915A, Defendants have not yet had an opportunity to argue that *Heck* should apply despite the analysis above. This Recommendation does not preclude Defendants from renewing an argument under *Heck* (or any other argument for dismissal) after service of process is carried out.

Accordingly, the identifiable defendants alleged to have materially participated in the arrest—Defendants A. Tolbert, B. Miller, C. Clirbas, S. Hilyar, and M. Shepard—will be directed by separate order to respond to this aspect of the complaint.[3]

### B. Defendants Urmann and Rawlings

In addition to the defendants identified above, Markham also sues two other law-enforcement officials—Defendants Denise Urmann and Rawlings (no first name provided)—for their alleged roles in the events leading up to the arrest. Neither of these defendants, however, is alleged to have participated in the arrest. Urmann is alleged by Markham only to have engaged in investigatory duties leading up to the arrest. *See* (Doc. No. 1 ("Complaint") at 11.) It is unclear why Markham believes those actions to have been unlawful, and no plausible claim against Urmann—whether for unlawful arrest or anything else—is pleaded in the complaint.

Rawlings, by contrast, is alleged by Markham to have "participated" in the unlawful arrest. (*Id.* at 12.) The participation of Rawlings, however, differed from that of the other officers in that Rawlings is not alleged to have been involved in the actual seizure of Markham. Instead, Rawlings is alleged only to have "put a cops' alert to locate Markham's vehicle . . . ." (*Id.*) Again, it is unclear why Markham believes this to have been unlawful. No viable claim for relief is pleaded with respect to Rawlings.

---

[3] This Court similarly will not recommend dismissal of the claim brought against "Officer 193," who at this time remains an unidentifiable John Doe defendant. That said, because service of process cannot be carried out on an unidentifiable defendant, "Officer 193" will not be directed to answer or otherwise respond to the complaint at this time.

7

Accordingly, the claims against both Urmann and Rawlings should be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b).

### C.      Defendants Bovitz, Olson, and Pipenhagen

Markham next takes aim at the attorneys responsible for his prosecution in state court. His claims against these defendants fail for two reasons. First, the claims are squarely foreclosed by *Heck*. Second, the prosecutorial defendants are entitled to absolute immunity from claims premised on the conduct alleged in the complaint.

Unlike the false-arrest claim, each of the allegations raised by Markham against the prosecutors relates to supposed instances of misconduct that would call into question the validity of Markham's conviction. *See* (Complaint at 13–14.) These claims fall squarely within the ambit of *Heck*. Having failed to establish prosecutorial misconduct during the criminal and post-conviction proceedings, Markham may not now revive those claims through an action brought under § 1983.

Second, each of the prosecutors is entitled to absolute immunity for the claims brought against them.[4] "[I]n initiating a prosecution and in presenting the State's case, the

---

[4]     With perhaps one exception: Defendant Jennifer S. Bovitz is alleged to have assisted a witness in preparing documents used to establish probable cause to prosecute Markham. *See* (Complaint at 15.) These allegations relate at least partly to Bovitz's role as an investigator rather than as a prosecutor, and she is entitled only to qualified (rather than absolute) immunity for actions taken in that investigatory capacity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Separating "prosecutorial" duties from "investigatory" duties is not always simple, *see Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), and the complaint elides the two in Bovitz's case. But to the extent that Markham takes issue with Bovitz's actions taken in her investigatory capacity, his claim rests upon the premise that the documents prepared included false testimony and that the state lacked probable cause to prosecute him. This claim is barred by *Heck* and, if not

8

prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity is absolute; Markham simply cannot premise claims under § 1983 on the allegation that the attorneys engaged in misconduct during the course of the prosecution. Both due to this immunity and because of *Heck*, defendants Jennifer S. Bovitz, Dain Olson, and Heather D. Pipenhagen should be dismissed from this action.

### D. Defendant Olson

Defendant Ryan Olson, like many of the defendants above, is a law-enforcement officer. Olson, however, did not participate either in Markham's arrest or in any of the events leading up to Markham's arrest. Instead, Olson testified at Markham's trial regarding statements later made by the victim of Markham's offense. *See* (Complaint at 19–20.) Markham contends that this testimony should not have been admitted into evidence by the presiding judge, but he does not plausibly allege that Olson himself did anything unlawful. Accordingly, no viable claim for relief is pleaded against Olson, who should be dismissed from this action.

### E. Defendants Turner and Martin

Markham's attorneys are next (Turner and Martin), with Markham alleging (in essence) that the attorneys' conduct fell short of the effective representation guaranteed by the Sixth Amendment of the federal constitution. *See* (Complaint at 21–24.) This kind of allegation creates a problem for Markham: if Markham were not afforded effective

---

barred by *Heck*, would be defeated by the fact that Markham was convicted of the offense that he contends the state lacked probable cause to prosecute.

assistance of counsel at trial or on appeal, then the validity of his conviction would necessarily be called into question. *Heck* therefore bars the claim. But there is also another problem: To the extent that Markham seeks to bring claims under § 1983 against his attorneys, those claims necessarily fail because the attorneys are not state actors, and "[o]nly state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001); *cf. White v. Rogers*, 221 F.3d 1346 (8th Cir. 2000) (unpublished table disposition) (noting that a public defender is not a state actor for purposes of § 1983). Defendants Catherine Turner and Sara L. Martin should be dismissed.

### F. Defendants Wahi and Knutson

Markham also sues the state-court judges who presided over the criminal proceedings and the Dakota County Judicial Center. These claims are barred by *Heck*, and the judges are in any event absolutely immune from suit for actions taken in their judicial capacity.

The *Heck* principle is now familiar. Markham alleges that defendants Richelle M. Wahi and David L. Knutson committed innumerable legal errors during the course of the state-court proceedings and that those errors call into question the validity of his conviction. This is *precisely* what *Heck* precludes Markham from claiming in this lawsuit. Markham cannot use § 1983 as a backdoor means of contesting his guilt or challenging the lawfulness of the manner in which the criminal proceedings were conducted.

Moreover, just as prosecutors are absolutely immune from claims related to activities taken in their prosecutorial capacities, judges are absolutely immune from claims related to activities taken in their judicial capacities. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). All that Markham alleges of Wahi and Knutson is that those defendants made decisions during the criminal proceedings that Markham believes to have been wrong. But a litigant cannot sue a judge on the grounds that the judge has decided an issue wrongly. Wahi and Knutson must be dismissed.

### G. Defendants Harris and Kladum

Markham also brings claims against defendants Oxana Harris, the victim of Markham's offense, and Diana Kladum, the landlord whom Markham alleges unlawfully permitted law-enforcement officials to enter his residence. *See* (Complaint at 27–30.) The claims against Harris relate to allegedly false testimony offered by her at Markham's criminal trial. Markham's claim against Harris is entirely motivated by his desire to procure invalidation of his conviction; indeed, Markham does not expressly seek any relief from Harris herself. But, as iterated, Markham may not seek invalidation of his conviction in this lawsuit. *See Heck*, 512 U.S. at 486–87. And as a private actor, Harris cannot be sued under § 1983. *Youngblood*, 266 F.3d at 855.

The claims against Diana Kladum[5] are the lone claims brought by Markham expressly pursuant to state law[6] rather than § 1983 (as with the claims against Harris, any claims brought against Kladum under § 1983 would fail because Kladum is not a state actor). Under Minn. Stat. § 504B.211, subd. 2, "a landlord may enter the premises rented by a residential tenant only for a reasonable business purpose and after making a good faith effort to give the residential tenant reasonable notice under the circumstances of the intent to enter." Markham alleges that Kladum permitted law-enforcement officials into his residence in order to carry out an arrest—an activity that is not a "reasonable business purpose" under § 504B.211 and therefore is prohibited by that statute.

Whatever the merits of this claim, Markham brought it too late. Minn. Stat. § 541.07(2) establishes a two-year limitations period for actions "upon a statute for a penalty or forfeiture." The remedy to which Markham would be entitled under § 504.B211 is expressly a "penalty." It is described as such by the statute itself, *see* Minn. Stat. § 504B.211, subd. 6, and it establishes a fixed liability unrelated to the actual loss suffered by the claimant—the central hallmark of a penalty provision under Minnesota law. *See Freeman v. Q Petroleum Corp.*, 417 N.W.2d 617, 618-19 (Minn. 1988); *Scott v. Forest Lake Chrysler-Plymouth Dodge*, 637 N.W.2d 587, 594 (Minn. Ct. App. 2002). The alleged infraction of § 504B.211 by Kladum took place in 2016. Markham did not

---

[5] The defendant's name is spelled "Kladum" in the caption and "Kaldun" elsewhere in the complaint. This Court will use the spelling provided in the caption.

[6] The Court has supplemental jurisdiction over this state-law claim under 28 U.S.C. § 1367(a).

bring his claim until 2022. The lone claim against Kladum is tardy, and she should be dismissed from this litigation on that basis.

### H. Defendants Brooklyn Park Police Department, Mendota Heights Police Department, and Dakota County Judicial Center

Finally, Markham sues each of the police departments responsible for the allegedly unlawful arrest and the judicial center where the criminal proceeding took place. *See* (Complaint at 30–32.) None of these claims are viable.

To begin, neither police department is an entity amenable to suit under § 1983. *See De La Garza v. Kandiyohi County Jail, Correctional Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam). Markham may sue the governmental entities responsible for the police departments (the municipalities of Brooklyn Park and Mendota Heights, respectively), but to succeed on claims under § 1983 against those entities, Markham would need to establish that the entities themselves engaged in unlawful behavior, such as through the perpetuation of a custom or practice of unlawful behavior. *See, e.g.*, *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). No such claim is adequately pleaded in the complaint. Markham's claims instead are premised entirely upon the police departments' employment of the officers alleged to have participated in the unlawful arrest. But § 1983 claims cannot be brought against a municipality on a theory of respondeat superior. *See Rogers v. King*, 885 F.3d 1118 (8th Cir. 2018).

Much the same can be said regarding Markham's claims against the Dakota County Judicial Center. It is doubtful that the judicial center is an entity amenable to

suit—it is, after all, a *building*—and even if the complaint were to be interpreted as raising claims against Dakota County, Markham does not plausibly allege that the county itself did anything unlawful. Furthermore, Markham's claims against the Dakota County Judicial Center relate entirely to Dakota County's employment of Defendant Bovitz. Again, though, a defendant cannot be sued under § 1983 merely because someone it employs is alleged to have acted unlawfully. *See id*. This final group of defendants should also be dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that defendants Denise Urmann, Rawlings, Jennifer S. Bovitz, Dain Olson, Heather D. Pipenhagen, Ryan Olson, Catherine Turner, Sara L. Martin, Richelle M. Wahi, David L. Knutson, Oxana Harris, Diana Kladum, Brooklyn Park Police Department, Mendota Heights Police Department, and Dakota County Judicial Center be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. The Defendants not recommended for dismissal from this action will be directed by separate order to file an answer or other responsive pleading to Plaintiff's complaint.

Dated: March 7, 2022

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).