## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Oji Konata Markham, | Civ. No. 22-0187 (SRN/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| A. Tolbert, Officer 209; B. Miller, Officer 251; C. Glirbas, Officer 104; Officer 193; S. Hilyar, Officer; M. Shepard, Officer 2215; Denise Urmann, Officer 2214; Rawlings, Officer; Jennifer S. Bovitz, Prosecutor; Dain Olson, Prosecutor; Heather D. Pipenhagen, Prosecutor; Ryan Olson, Detective; Catherine Turner, Defense Counsel; Sara L. Martin, Appellate Counsel; Richelle M. Wahi, Judge; David L. Knutson, Judge; Oxana Harris; Diana Kladum; Brooklyn Park Police Department; Mendota Heights Police Department; and Dakota County Judicial Center, | |
| Defendants. | |

This case is before the Court on Plaintiff Oji Konata Markham's motion to appoint counsel. (Doc. No. 12.) Plaintiff does not explain why the appointment of counsel is warranted here other than that he is pro se in this matter. (*Id.*) Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel is a matter of the court's discretion. *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). The standard for appointment of counsel in such cases is whether both plaintiff and the court would benefit

from the assistance of counsel. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986); *see also Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996) ("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel[.]"). Among the factors the court should consider are "the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues." *Nachtigall v. Class*, 48 F.3d 1076, 1081–82 (8th Cir. 1995).

Here, Plaintiff brings claims under 42 U.S.C. § 1983 against the various officers, attorneys, and judges related to his criminal proceedings. (Doc. No. 1.) This Court has already recommended that many of these Defendants be dismissed and that only a single claim, unlawful arrest pursuant to § 1983, should go forward against a single group of Defendants. (*See generally* Doc. No. 5.) The facts pled by Plaintiff regarding this remaining claim do not present complex factual or legal issues that would warrant appointment. Nor does the Court find that Plaintiff is unable to investigate the facts or articulate his claims to the Court. Accordingly, after reviewing the factors, the Court finds that this case does not warrant the appointment of counsel. Thus, based upon the Court's consideration of all the files, records and proceedings herein, Plaintiff's request is **DENIED**.

**SO ORDERED**.

Dated: August 3, 2022

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

2