## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| OJI KONATA MARKHAM,<br><br>       Plaintiff,<br><br>v.<br><br>A. TOLBERT, *Officer 209*; B. MILLER, *Officer 251*; C. GLIRBAS, *Officer 104*; OFFICER 193; S. HILYAR, *Officer*; M. SHEPARD, *Officer 2215*; DENISE URMANN, *Officer 2214*; RAWLINGS, *Officer*; JENNIFER S. BOVITZ, *Prosecutor*; DAIN OLSON, *Prosecutor*; HEATHER D. PIPENHAGEN, *Prosecutor*; RYAN OLSON, *Detective*; CATHERINE TURNER, *Defense Counsel*; SARA L. MARTIN, *Appellate Counsel*; RICHELLE M. WAHI, *Judge*; DAVID L. KNUTSON, *Judge*; OXANA HARRIS; DIANA KLADUM; BROOKLYN PARK POLICE DEPARTMENT; MENDOTA HEIGHTS POLICE DEPARTMENT; and DAKOTA COUNTY JUDICIAL CENTER,<br><br>       Defendants. | Case No. 22-CV-0187 (SRN/TNL)<br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Oji Konata Markham, 1918 Park Avenue, Minneapolis, Minnesota 55404, Pro Se Plaintiff.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Oji Konata Markham's Objections ("Pl.'s Objs.") [Doc. No. 9] to United States Magistrate Judge Becky R. Thorson's March 7, 2022 Report and Recommendation ("R&R") [Doc. No. 5]. The magistrate judge

recommends that all but one of Plaintiff's claims in his Complaint [Doc. No. 1] be summarily dismissed for failure to state a claim under an initial screening pursuant to 28 U.S.C. § 1915A. (*Id.* at 2.) For the reasons set forth below, Plaintiff's Objections to the R&R are overruled, the Court adopts the R&R, and it dismisses without prejudice Defendants Denise Urmann, Rawlings, Jennifer S. Bovitz, Dain Olson, Heather D. Pipenhagen, Ryan Olson, Catherine Turner, Sara L. Martin, Richelle M. Wahi, David L. Knutson, Oxana Harris, Diana Kladum, Brooklyn Park Police Department, Mendota Heights Police Department, and Dakota County Judicial Center. The Court also orders Plaintiff to notify the remaining Defendants of their required response to the Complaint, and sets forth the timeline governing these additional procedural matters.

## I.   BACKGROUND

In 2016, a Minnesota jury found Mr. Markham guilty of first-degree burglary with assault-fear. *See State v. Markham*, No. A16-1548, 2017 WL 3974466, at *2 (Minn. Ct. App. Sept. 11, 2017). Mr. Markham is currently serving the supervised release portion of his sentence, but at the time of filing this action, he was serving a 111-month sentence of imprisonment in the Minnesota Correctional Facility in Faribault, Minnesota. (Compl. at 22.)

The facts and circumstances leading to Mr. Markham's conviction and sentence have been set forth by the Minnesota Court of Appeals as follows:

> [Mr. Markham] and [his ex-girlfriend] O.H.'s relationship ended earlier in the week of January 22, 2016; O.H. did not want appellant to come to her house on January 22; [Mr. Markham] came to O.H.'s house anyway, knocking on the front door and O.H.'s bedroom window; [Mr. Markham] broke open the front door and forced his way into the house when O.H. did

not respond; O.H. heard the front door being broken and [Mr. Markham] shouting inside her house; a coffee table was displaced and clay pots were broken; O.H. became afraid when she saw the broken door; O.H. ran outside to drive away, but her vehicle's tire was flat; O.H. called 911; O.H. was in shock after the incident. The responding officer observed that O.H. had been crying; [Mr. Markham] sent O.H. threatening text messages and called multiple times while O.H. spoke with the officer. Finally, in a recorded call between [Mr. Markham] and O.H. on January 26, [Mr. Markham] told O.H. to tell the police that [he] was not at her house on January 22, O.H. was drinking heavily and broke her own door or did not know how it happened, and O.H. called [Mr. Markham] to fix the damage the next day.

*Markham*, 2017 WL 3974466, at *3.

Following his conviction, Mr. Markham filed several rounds of pro se motions, among them, motions seeking a new trial and to discharge his public defender. *Id.* at *2. He argued that his trial counsel had provided ineffective assistance, and that the prosecution had withheld the transcript of his ex-girlfriend O.H.'s 911 call, which he argued provided evidence that law enforcement had lacked probable cause to arrest him. *Id.* The trial court granted his motion to discharge his public defender, but denied his various motions for a new trial, sentencing him to 111 months in prison. *Id.*

Mr. Markham, assisted by counsel, appealed his conviction to the Minnesota Court of Appeals, arguing that: (1) the trial court had erred by allowing the state to amend its complaint during trial; (2) the prosecutor had committed misconduct during his closing argument by misstating the law; (3) the state had failed to proffer sufficient evidence to prove that Mr. Markham had intended to cause O.H. fear of bodily harm or death; and (4) the state's late disclosure of O.H.'s 911 call transcript required a new trial. *Id.* Mr. Markham also filed a pro se reply brief raising six additional arguments before the appellate court, including that: (1) the trial court had abused its discretion by admitting the recording

of the telephone call between Mr. Markham and O.H.; (2) the trial court had abused its discretion when it instructed the jury on first-degree burglary and assault-fear; (3) the prosecutor had committed misconduct by eliciting testimony that Mr. Markham was in custody; (4) the prosecutor had introduced improper character evidence; (5) the state had failed to disclose O.H.'s past convictions; and (6) Mr. Markham had received ineffective assistance of counsel. *Id.* at *5–7. The Court of Appeals ruled against Mr. Markham, affirming his conviction. *Id.* at *7. Mr. Markham petitioned for further review, but the Minnesota Supreme Court denied his request. *State v. Markham*, No. A16-1548, 2017 Minn. LEXIS 714, at *1 (Nov. 28, 2017). The United States Supreme Court denied Mr. Markham's subsequent petition for a writ of certiorari. *Markham v. Minnesota*, 139 S. Ct. 75, 76 (2018).

Mr. Markham then petitioned the state district court for post-conviction relief, raising claims that: (1) his counsel had provided ineffective assistance; and (2) law enforcement had lacked probable cause for his arrest. *Markham v. Janssen*, No. 19-CV-3110 (WMW/BRT), 2020 WL 8611025, at *2 (D. Minn. Oct. 28, 2020) (citing *State v. Markham*, No. 19HA-CR-16-287, Order & Mem. Denying Post-Conviction Relief [Doc. No. 15-2] at 189–93 (Sept. 13, 2018)), *R. & R. adopted*, 2021 WL 638203 (D. Minn. Feb. 18, 2021), *mot. for relief from J. denied*, No. 19-CV-3110 (WMW/BRT), 2021 WL 2680247 (D. Minn. June 30, 2021), *cert. of appealability denied*, No. 21-1669, 2021 WL 8202498 (8th Cir. Oct. 22, 2021), *cert. denied*, 42 S. Ct. 2881 (2022). The state district court denied Mr. Markham's requests, finding that his claims were procedurally barred

either because he had already raised them on direct appeal, or because he had failed to do so when the claims were ascertainable at the time of his appeal. *Id.* (citations omitted).

Mr. Markham appealed the district court's denial of his post-conviction petition to the Minnesota Court of Appeals. *Markham v. State*, No. A18-1831, 2019 WL 3293797, at *1 (Minn. Ct. App. July 22, 2019), *rev. denied* (Minn. Oct. 29, 2019). He argued that the district court had abused its discretion because his claims were not procedurally barred. *Id.* at *3. The Minnesota Court of Appeals agreed that the postconviction court had not addressed Mr. Markham's claim that law enforcement lacked probable cause to effect his arrest, but that, when considered on the merits, his claim failed because

> [his] arrest was supported by probable cause. The record shows that police officers went to Markham's residence, where he rented a room, and the homeowner invited them inside. After speaking with Markham, the officers arrested him based on eyewitness accounts, a 911 call, and physical evidence collected during the burglary investigation, all of which implicated Markham in the crime. This same information was then used to convict Markham beyond a reasonable doubt of first-degree burglary. We therefore conclude that probable cause existed to support Markham's arrest.

*Id.* at *2. The appellate court also rejected Mr. Markham's claims for ineffective assistance of counsel as both procedurally barred and unsupported by the evidence. *Id.* at *3.

Mr. Markham then filed a federal Petition for a Writ of Habeas Corpus in 2019, asserting nineteen separate grounds, some of which he had already presented to the state courts. *Janssen*, 2020 WL 8611025, at *3. The court denied Mr. Markham's Petition, finding that he was procedurally barred from seeking postconviction relief for new claims, and that his remaining claims all lacked merit—including his allegations of trial court error, prosecutorial misconduct, insufficient or improperly admitted evidence, *Brady* violations

for the state's improperly withheld evidence, ineffective assistance of counsel, and lack of probable cause for his arrest. *Janssen*, 2021 WL 638203, at *1–2.

Mr. Markham filed subsequent motions before that same court arguing: (1) that he was entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(6); (2) for permission to add new materials to the appeal record; and (3) for reconsideration of a certificate of appealability. *Janssen*, 2021 WL 2680247, at *1. The court denied his motions for lack of any extraordinary circumstances warranting relief from judgment, and for lack of authority to provide the relief sought. *Id.* at *1–2. He then filed an appeal, which the Eighth Circuit denied. *Janssen*, 2021 WL 8202498, at *1. The United States Supreme Court denied his subsequent petition for a writ of certiorari. *Janssen*, 142 S. Ct. at 2881.

In the instant action, Mr. Markham filed his Complaint with this Court on January 24, 2022, asserting claims pursuant to 42 U.S.C. § 1983 against 21 Defendants in their individual and official capacities for alleged violations of his constitutional rights. (Compl. at 1, 7–32.) The 21 named Defendants include officers who investigated his whereabouts and/or effected his arrest, the prosecutors and defense counsel in his state criminal case, his state trial and appellate judges, his ex-girlfriend, and his landlord. (*Id.* at 1–5.) As relief, Mr. Markham seeks monetary, compensatory, and punitive damages; exoneration from all charges; the forced resignations of the named Defendants who prosecuted his state case; and an order of "remand for discovery, subpoena, expansion of record, suppress[ion] of evidence, and [an] evidentiary hearing[.]" (*Id.* at 33–34; Pl.'s Objs. at 22.)[1] Because Mr.

---

[1] Some forms of relief are not available when bringing a § 1983 claim. The Supreme Court has explained "that 42 U.S.C. § 1983 creates a species of tort liability" where "the

Markham's allegations in his Complaint are so wide-ranging and encompass so many Defendants, rather than summarizing them here, the Court will discuss his allegations as they become relevant to its analysis.

The Court referred the matter to the magistrate judge for a pre-service review of the Complaint pursuant to 28 U.S.C. § 1915A, a statute authorizing courts to review civil actions filed by prisoners who seek redress from governmental entities or employees, and to dismiss claims that are not legally cognizable. *See* 28 U.S.C. § 1915A. In her March 7, 2022 R&R, Magistrate Judge Thorson recommends that the Court summarily dismiss the bulk of Mr. Markham's claims—along with the Defendants connected to them. (R&R at 2–3.) Specifically, the magistrate judge found that many of Mr. Markham's claims are barred from relief by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994),[2] as impermissible collateral

---

basic purpose of § 1983 damages is to *compensate persons for injuries* that are caused by the deprivation of constitutional rights." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–07 (1986) (emphasis in original, cleaned up, quotations omitted). Additionally, the Supreme Court has ruled that forms of relief that call into question the validity of a plaintiff's conviction and/or sentence are not available under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Thus, Mr. Markham's relief is limited to only those forms that are cognizable under § 1983 actions.

[2] Under *Heck*,

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. 477, 486–87.

attacks on the validity of his state burglary conviction. (*Id.*) Others, the magistrate found, survive *Heck* but are insufficiently pleaded or are otherwise procedurally barred. (*Id.*) The magistrate judge determined that "[o]ne claim, however—that Markham's arrest was carried out in a manner inconsistent with the Fourth Amendment—should be allowed to proceed" at this early screening stage. (*Id.*) Consequently, the magistrate judge recommends that the six Defendants associated with Mr. Markham's unlawful arrest claim should remain in the action, while the 15 Defendants unassociated with that claim should be dismissed without prejudice. (*Id.* at 14.) The Defendants recommends for dismissal include Denise Urmann, Rawlings, Jennifer S. Bovitz, Dain Olson, Heather D. Pipenhagen, Ryan Olson, Catherine Turner, Sara L. Martin, Richelle M. Wahi, David L. Knutson, Oxana Harris, Diana Kladum, Brooklyn Park Police Department, Mendota Heights Police Department, and Dakota County Judicial Center. (*Id.*)

Mr. Markham filed timely Objections to the R&R's findings and recommendations. Construing Mr. Markham's pro se filing liberally, *see United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)), Mr. Markham generally objects to the magistrate judge's recommendation that the Court dismiss the 15 Defendants who are not associated with his unlawful arrest claim. (Pl.'s Objs. at 2–21.) However, he does not point to particular facts alleged that—taken as true—would demonstrate why *Heck* presents no bar to his claims, nor why his claims are all sufficiently pleaded and not otherwise procedurally barred.

Because the magistrate judge conducted a pre-service review of the Complaint when issuing her R&R, no Defendant filed a response to Mr. Markham's Objections. *See* 28 U.S.C.

§ 1915A ("The court shall review [a prisoner's complaint in a civil action seeking redress from governmental entities or employees], *before docketing*, if feasible or, in any event, *as soon as practicable after docketing . . . .*") (emphases added).

## II.    DISCUSSION

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (quoting *Mayer v. Walvatne*, No. 07-CV-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)). When a party fails to point to specific objections and "merely repeat[s] arguments presented to and considered by a magistrate judge[,]" then instead of de novo review, courts will review an R&R for clear error. *Id.* (citations omitted). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834–35 n.46 (1975)).

Mr. Markham brings a Complaint pursuant to 42 U.S.C. § 1983. Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. Section 1983 thus serves as a vehicle for alleging violations of a federally protected right by state actors. *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quoting *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007), *cert. denied*, 552 U.S. 950 (2007) ("To be liable under § 1983, the claimed deprivation must result from 'the exercise of a right or privilege having its source in state authority,' and the party charged with the deprivation must be one 'appropriately characterized as [a] state actor[ ].'") (alterations in original)).

Finally, because Mr. Markham was a prisoner at the time of filing this action seeking relief from unlawful government actions under § 1983, his Complaint is subject to an initial review under 28 U.S.C. § 1915A. *See Domino v. Garland*, No. 20-CV-2583 (ECT/BRT), 2021 WL 1221188, at *1 (D. Minn. Apr. 1, 2021), *appeal dismissed*, No. 21-3171, 2021 WL 7710433 (8th Cir. Nov. 29, 2021). Section 1915A provides that

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing a complaint to determine if it states cognizable claims upon which relief may be granted, courts must take all factual allegations as true, drawing all reasonable inferences in favor of the plaintiff. *See Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018); *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, allegations must be more than speculative, and each claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). If a claim merely draws a legal conclusion, rather than presenting facts that would plausibly support that conclusion, courts may disregard such conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### A.    Section 1983 Claims

#### 1.    Defendants Tolbert, Miller, Glirbas, Officer 193, Hilyar, and Shepard

In his Complaint, Mr. Markham alleges that Brooklyn Park Police Officers A. Tolbert, B. Miller, C. Glirbas, and 193,[3] along with Mendota Heights Police Officers Steve Hilyar and M. Shepard, "made a warrantless arrest inside [his] Brooklyn Park home" without probable cause or any "exigent circumstances to justify the warrantless entry of [his] home." (Compl. at 7–11.)[4] He claims that these Defendants' direct participation in his unlawful arrest violated

---

[3] In his Objections, Mr. Markham provides a correction to this Defendant's name in his Complaint, stating that "Badge 193, is **Officer M. Wrobel 193**[.]" (Pl.'s Objs. at 2 (emphasis in original).)

[4] The Court finds that Mr. Markham's unlawful arrest claim appears to be timely. Section 1983 claims are treated like personal injury claims, and the Supreme Court has held that "a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 240–41 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Minnesota's personal injury statute imposes a six-year limitations period.

his Fourth Amendment right to be secure in his home from government searches or seizures absent probable cause and either a warrant or exigent circumstances. (*Id.*)

The magistrate judge found that "this claim likely is not barred by *Heck* and therefore will be permitted to go forward." (R&R at 4.) She explained that, under *Heck*,

> [a] criminal defendant has several appropriate procedural vehicles through which to challenge his conviction or sentence, including direct appeal, state post-conviction proceedings, and federal habeas corpus proceedings. Having failed at those efforts, however, a criminal defendant cannot turn to § 1983 or other purely civil remedies as a means of attacking his conviction or sentence.

(*Id.* at 5 (citing *Heck*, 512 U.S. 477, 486–87).) Here, the magistrate judge found that Mr. Markham has alleged facts that, taken as true, "could potentially establish that his arrest was unlawful without necessarily implying the invalidity of his conviction[.]" (*Id.* at 6.) Specifically, she determined that although the state courts ruled that probable cause supported Mr. Markham's arrest—a finding with preclusive effect in this lawsuit—his arrest could still be unlawful absent exigent circumstances where law enforcement had no warrant. (*Id.* at 5–

---

*See* Minn. Stat. § 541.05, subd. 1(5); *see also Anunka v. City of Burnsville*, 534 F. App'x 575, 576 (8th Cir. 2013). "For an unlawful-arrest claim, a plaintiff has six years to sue from when he was first detained pursuant to legal process after his allegedly unlawful arrest." *Yang v. McNeill*, No. 17-CV-1150 (JNE/LIB), 2018 WL 324235, at *1 (D. Minn. Jan. 8, 2018), *aff'd sub nom. Taeng Yang v. McNeill*, 750 F. App'x 516 (8th Cir. 2019). "Detention pursuant to legal process begins, and the unlawful arrest ends, once the plaintiff is 'bound over by a magistrate or arraigned on charges.'" *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 389 (2007)).

Here, taking Mr. Markham's factual allegations as true for the purposes of this review, Mr. Markham alleges that law enforcement arrested him on January 22, 2016, and that the state charged him on January 25, 2016. (Compl. at 7, 15.) Thus, it appears that the timeliness of his § 1983 claim should be counted from on or about January 25, 2016, when his detention pursuant to legal process began and any allegedly unlawful arrest ended. His six-year period for filing an unlawful arrest action thus ended on or about January 25, 2022, making his § 1983 action filed on January 24, 2022, timely.

6.) Thus, the magistrate judge recommends that Mr. Markham's unlawful arrest claim involving Defendants Tolbert, Miller, Glirbas, Officer 193, Hilyar, and Shepard be permitted to proceed.

Because Mr. Markham does not object to this finding and recommendation, the standard of review is for clear error. *Braun v. Minnesota*, No. 22-CV-710 (JRT/JFD), 2022 WL 17038976, at *3 (D. Minn. Nov. 17, 2022) (citing Fed. R. Civ. P. 72 advisory committee's note, subd. b ("Unobjected portions of an R&R are also only reviewed for clear error.")) However, even under a less deferential de novo review, the Court still agrees with the magistrate judge's recommendation that Mr. Markham's unlawful arrest claim should proceed under § 1983 for alleged violations of his Fourth Amendment rights. "It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable" without probable cause and exigent circumstances. *Payton v. New York*, 445 U.S. 573, 586, 586 n.1, 589, 590 (1980) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, at 474–475, 477–478 (1990)). The Court also agrees with the magistrate judge that Mr. Markham has pleaded sufficient facts to plausibly allege that Defendants Tolbert, Miller, Glirbas, Officer 193, Hilyar, and Shepard arrested him without a warrant or any exigent circumstances. *See Twombly*, 550 U.S. at 555, 570; *Iqbal*, 556 U.S. at 679.

Moreover, the Court finds that Mr. Markham's unlawful arrest claim is not necessarily barred by *Heck*. Were Mr. Markham to succeed on his claim, the validity of his outstanding criminal judgment for first-degree burglary with assault-fear would not automatically be called into question. Rather, he could receive monetary damages for an unlawful arrest

while remaining lawfully convicted. *See, e.g.*, *Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (discussing *Heck*-barred § 1983 claims and finding that if the plaintiff "successfully demonstrate[d] that his initial seizure and detention by officers was without probable cause, such a result [would] not necessarily imply the invalidity of his drug-possession conviction.") In other words, a defendant may be arrested unlawfully (and seek resulting § 1983 damages), and yet still be convicted lawfully following that arrest.

Therefore, the Court finds that Mr. Markham has plausibly alleged that Defendants Tolbert, Miller, Glirbas, Officer 193, Hilyar, and Shepard violated his Fourth Amendment rights, adopts the magistrate judge's recommendation as to Mr. Markham's unlawful arrest claim, and holds that this claim may proceed. The Court will provide further procedural guidance concerning this surviving claim at the close of its Order. *See infra* Section II.B.

### 2.    Defendants Urmann and Rawlings

Mr. Markham alleges in his Complaint that Mendota Heights Police Officers Denise Urmann and Rawlings unlawfully arrested him in violation of his Fourth Amendment rights. (Compl. at 11–12.) Specifically, he claims that Officer Urmann "was assisting Officer Steve Hilyar when they went through the MYBCA website, where they search[ed for his] name" to find his home address and "also the vehicle listed in [his] name[.]" (*Id.* at 11.) Once they had located this information Mr. Markham alleges that Officers Hilyar and Urmann "put a cops' alert to locate [his] vehicle[,]" assisted by Officer Rawlings. (*Id.* at 11–12.)

The magistrate judge found that—unlike Officers Tolbert, Miller, Glirbas, 193, Hilyar, and Shepard—Mr. Markham does not allege that Officers Urmann and Rawlings directly participated in effecting Mr. Markham's arrest. (R&R at 7.) Instead, Mr. Markham alleges

only that Officers Urmann and Rawlings took investigatory actions to help law enforcement locate Mr. Markham (*Id.*) In the absence of factual allegations that plausibly constitute unlawful conduct under the Fourth Amendment, the magistrate judge recommends that Mr. Markham's "claims against both Urmann and Rawlings should be dismissed for failure to state a claim on which relief may be granted. (*Id.* at 8 (citing 28 U.S.C. § 1915A).)

In his Objections, Mr. Markham restates his allegation that no exigent circumstances permitted law enforcement to enter his home and arrest him. (Pl.'s Objs. at 2–3.) Even construed liberally, the Court finds that he does not raise a specific objection to the magistrate judge's findings and recommendation concerning Defendants Urmann and Rawlings.

Mr. Markham's failure to object to the magistrate judge's findings and recommendation requires only clear error review, *see Braun*, 2022 WL 17038976, at *3, but even under de novo review, the Court reaches the same conclusions as the magistrate judge did. The Fourth Amendment protects against unreasonable searches and seizures. *See United States v. Johnson*, 31 F.4th 618, 622 (8th Cir. 2022) (citing U.S. Const. amend IV). The reasonableness of a search or seizure depends upon whether an individual has a reasonable expectation of privacy in the thing or place searched. *Katz v. United States*, 389 U.S. 347, 351 (1967). Relevant here, courts have found that there is no reasonable expectation of privacy under the Constitution in a person's home address or other motor vehicle record information. *See, e.g.*, *Kennedy v. City of Braham*, 67 F. Supp. 3d 1020, 1032 (D. Minn. 2014); *Bass v. Anoka Cnty.*, 998 F. Supp. 2d 813, 822–23 (D. Minn. 2014).

Here, Mr. Markham's Complaint does not plausibly allege a Fourth Amendment violation because he had no reasonable expectation of privacy in the home address or vehicle

information located by Officers Urmann and Rawlings. Likewise, the fact that law enforcement issued an alert to other law enforcement members—containing this information and seeking Mr. Markham's whereabouts—also fails to raise a plausible Fourth Amendment violation. Law enforcement are permitted to issue alerts when they have reasonable suspicion that a person may have committed a crime, and other officers may rely on such an alert to stop a potential suspect and ask questions, check identification, and obtain further information. *See United States v. Hensley*, 469 U.S. 221, 231 (1985).

Because no violation of a constitutional right is sufficiently alleged, the Court finds that Mr. Markham has failed to state a claim against Defendants Urmann and Rawlings upon which relief may be granted, and adopts the magistrate judge's recommendation of dismissal as to these Defendants.

### 3.    Defendants Pipenhagen, Bovitz, and D. Olson

Mr. Markham alleges in his Complaint that state prosecutors Heather D. Pipenhagen, Jennifer S. Bovitz, and Dain Olson engaged in misconduct in violation of the Fourth, Fifth, and Sixth Amendments. (Compl. at 12–18.) Specifically, he alleges that Ms. Pipenhagen: (1) withheld evidence, including "police records [which] showed that Officer Tolbert['s] police report made statements that cast doubt on Officer S. Hilyar's credibility" when he described Mr. Markham's arrest; (2) "failed to disclose the arresting officer"; and (3) "failed to turn over [the] Brooklyn Park Police report or Officer Tolbert and [to] subpoena the arresting officers." (*Id.* at 12–13.) Additionally, Mr. Markham alleges that Ms. Bovitz: (1) violated his Fourth Amendment "right to presentment before a Judge as [a] defendant begins a potentially extended period of pretrial incarceration" by "fil[ing] a 'Motion to Extend 36 hour rule'"; (2)

"faile[ed] to afford [him] a speedy trial"; (3) improperly filed the motion for an extension "after O.H. . . . and . . . Dakota County [had] dropped [the] charges"; (4) failed to file "an authenticated time-stamped copy" of the extension motion; (5) "approved to prosecute the offense charged before the complainant [had] . . . typed and signed his copy of  [the] 'Statement of probable cause'"; and (6) "executed the 'Probable Cause' certification" as a witness rather than in her prosecutorial role. (*Id.* at 14–16.) Finally, Mr. Markham alleges that Mr. D. Olson: (1) "coached Officer Hilyar to lie about the 1st degree burglary assault-fear"; (2) "may have implicated Markham to settle a personal score" with Officer S. Hilyar; (3) brought a motion to amend the Complaint to reflect " a new and different offense" which the trial court granted "in violation of Markham's Fifth, Sixth, and Fourth Amendment rights to the notice, nature and cause of the accusations or charges"; (4) "misstated the law in closing argument[s], suggesting the jury could convict Markham of the assault-fear count based merely upon intentional acts, rather than a specific intent to cause fear"; and (5) failed to provide Mr. Markham with "the transcripts of [his ex-girlfriend's] 911 calls" so that defense counsel could have impeached her credibility with them at trial. (*Id.* at 13, 17–18.)

The magistrate judge found that Mr. Markham's allegations against these three Defendants fail for two reasons. (R&R at 8–9.) First, she found that his claims are barred by *Heck* because prosecutorial misconduct allegations necessarily call into question the validity of the underlying conviction. (*Id.* at 8.) Second, the magistrate judge found that the prosecutors are entitled to absolute immunity against Mr. Markham's claims, except for Ms. Bovitz who is arguably entitled to qualified immunity for her actions taken in an investigatory, rather than prosecutorial, capacity. (*Id.*) However, because Mr. Markham alleges that her

investigatory actions involved providing false testimony to generate the pretense of probable cause—which calls into question the validity of Mr. Markham's conviction—the magistrate judge found that the allegations against Ms. Bovitz are *Heck*-barred. Because Mr. Markham has pleaded no viable claim against these Defendants, the magistrate judge recommends that they be dismissed from this action. (*Id.* at 9.)

In his Objections, Mr. Markham restates his allegations that Defendants Bovitz, Olson, and Pipenhagen committed prosecutorial misconduct resulting in his wrongful conviction. (Pl.'s Objs. at 4–6.) Even construed liberally, the Court finds that he does not raise a specific objection to the magistrate judge's findings or recommendation concerning these three Defendants.

Mr. Markham's failure to object to the relevant portions of the R&R with specificity requires only clear error review, *see Braun*, 2022 WL 17038976, at *3, but even under de novo review, the Court agrees with the magistrate judge's findings and recommendation for two reasons. First, the Court agrees with the magistrate judge's findings that Mr. Markham's allegations are defeated at the outset of this suit because of prosecutorial immunity. A state prosecutor is absolutely immune from lawsuits for actions performed "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Absolute prosecutorial immunity "defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler*, 424 U.S. at 419 n.13.

Here, all of the complained-of actions taken by prosecutors are immune from suit. This is true even of Ms. Bovitz's investigative work before the state charged Mr. Markham, which is arguably subject to only qualified immunity as an administrative rather than prosecutorial function, but is nevertheless conduct which the Court finds "d[id] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Second, because prosecutorial misconduct and challenges to probable cause call into question the validity of Mr. Markham's conviction, the Court finds that all claims against these prosecutors are also barred by *Heck*. 512 U.S. 477, 486–87.

For these reasons, the Court finds that Mr. Markham has failed to state a claim against Defendants Pipenhagen, Bovitz, and D. Olson upon which relief may be granted and is barred from seeking monetary relief based on prosecutorial immunity. Therefore, the Court adopts the magistrate judge's recommendation of dismissal as to these Defendants.

### 4.    Defendant R. Olson

Mr. Markham alleges in his Complaint that Detective Ryan Olson, who "is employed as a[n] 'electronic-crime-task-force officer[']" in the Dakota County Judicial Center[,]" violated his constitutional rights. (Compl. at 19–20.) Specifically, he alleges that the trial judge permitted Detective Olson to offer controversial, irrelevant hearsay testimony at trial that violated Mr. Markham's Sixth Amendment right to confront witnesses against him because Detective Olson: (1) testified that O.H. thought that "Markham was "Controlling and a Bully"; and (2) identified Mr. Markham as the speaker in the recorded telephone call between an imprisoned Mr. Markham and his ex-girlfriend,

CASE 0:22-cv-00187-SRN-TNL   Doc. 17   Filed 12/20/22   Page 20 of 35

O.H., even though "Olson stated, 'He [had] never met the defendant.[']" (*Id.* at 19 (citation to trial transcript omitted).) Additionally, because the telephone call identified Mr. Markham as a prison inmate, he further contends that the state's proffer of the call as trial evidence unfairly prejudiced the jury against him. (*Id.* at 20).

The magistrate judge found that Mr. Markham's allegations against Detective Olson fail to plausibly allege that Detective Olson violated Mr. Markham's constitutional rights. (R&R at 9.) Specifically, because it was the presiding trial judge who permitted Detective Olson's allegedly improper testimony, nothing in Mr. Markham's Complaint plausibly alleges that Detective Olson acted unlawfully. (*Id.*) Thus, the magistrate judge concluded that "no viable claim for relief is pleaded against Olson, who should be dismissed from this action." (*Id.*)

In his Objections, Mr. Markham restates his allegations that the trial judge improperly permitted the prosecution to proffer evidence of the recorded telephone call between an imprisoned Mr. Markham and his ex-girlfriend, O.H., which "inflame[ed] the jury" by presenting "evidence about Mr. Markham [being] in custody[.]" (Pl.'s Objs. at 7.) Even construed liberally, the Court finds that Mr. Markham does not raise a specific objection to the magistrate judge's findings and recommendation regarding Detective Olson.

Because Mr. Markham does not object to the R&R with specificity as to these Defendants, this portion of the R&R requires only clear error review, *see Braun*, 2022 WL 17038976, at *3, but even under de novo review, the Court agrees with the magistrate judge's findings and recommendation. It is true that the Confrontation Clause of the Constitution's Sixth Amendment guarantees a defendant the right to confront and cross-examine adverse

witnesses. *See* U.S. Const. amend. VI. Because of this guarantee, is also true that hearsay—

"an out-of-court statement offered as evidence to prove the truth of the matter asserted"—is

inadmissible during a criminal trial unless it falls under an established exception. *United*

*States v. Lamm*, 5 F.4th 942, 948 (8th Cir. 2021) (citing *United States v. Lindsey*, 702 F.3d

1092, 1101 (8th Cir. 2013) and Fed. R. Evid. 802, 803). However, even assuming that the

challenged evidence here constituted inadmissible hearsay, the Confrontation Clause does not

apply to the *presenter* of hearsay evidence. It is the *admitter* of that evidence—the trial

judge—whose act(s) of improper admission may violate the Sixth Amendment. *See United*

*States v. Bordeaux*, 400 F.3d 548, 555 (8th Cir. 2005) (citing *Crawford v. Washington*, 541

U.S. 36, *68–69 (2004) ("The confrontation clause bars the admission at trial of the

testimonial statements of a witness who is absent from trial . . . .")).

Here, the Court finds that Detective Olson did not violate the Sixth Amendment by

presenting evidence at trial, even assuming the disputed evidence constituted inadmissible

hearsay. Therefore, the Court finds that Mr. Markham has failed to state a claim against

Defendant Ryan Olson upon which relief may be granted, and adopts the magistrate judge's

recommendation as to this Defendant's dismissal.

### 5.    Defendants Turner and Martin

Mr. Markham alleges in his Complaint that his trial counsel, Catherine Turner, and

his appellate counsel, Sara L. Martin, violated his constitutional right to effective legal

counsel. (Compl. at 21–25.) Specifically, he alleges that Ms. Turner: (1) failed to

investigate and obtain "evidence [of] the significant discrepancies between O.H.'s account

of the crime and her three sign[ed] written prior inconsistent statements" which would have

undermined Detective Olson's testimony at trial; (2) "never personally attempted to contact any of the potential alibi witnesses" and "did not present an alibi defense at trial"; (3) failed to present the 911 call transcript; (4) did not stop the trial judge's admission of the telephone call recording between Mr. Markham and O.H.; and (5) failed to object to the prosecution's failure to produce copies of the Brooklyn Park Police's reports. (*Id.* at 21–24.) Additionally, he alleges that Ms. Martin: (1) "refus[ed] to refine Markham's claims[] that he raised in his pro se direct Appeal"; (2) failed to object to "the Court's plain error[] of entering an order of conviction without subject-matter jurisdiction in Markham's direct appeal"; and (3) "fail[ed] to raise a probable-cause-to-arrest and [an] ineffective-assistance-of-trial-counsel for 'failure to object' claim[.]" (*Id.* at 24–25.)

The magistrate judge found that Mr. Markham's allegations against his attorneys fail for several reasons. First, the magistrate judge found that Mr. Markham's allegation that he received ineffective assistance of counsel calls into question the validity of his conviction and is thus barred by *Heck*. (R&R at 9–10.) Second, she noted that § 1983 claims are a procedural vehicle to sue state actors, but attorneys are not state actors. (*Id.* at 10.) For these reasons, the magistrate judge recommends dismissal of these Defendants. (*Id.*)

In his Objections, Mr. Markham restates his allegations concerning his trial and appellate counsel, arguing that his allegations "demonstrate[] ineffective assistance of counsel under ***Strickland*** [*v. Washington*, 466 U.S. 668 (1984)]." (Pl.'s Objs. at 9, 22 (emphasis in original).) Even construed liberally, the Court finds that Mr. Markham does not

raise a specific objection to the magistrate judge's findings and recommendation regarding Ms. Turner and Ms. Martin.

Mr. Markham's failure to object to the R&R with specificity requires only clear error review, *see Braun*, 2022 WL 17038976, at *3, but even under de novo review, the Court agrees with the magistrate judge's findings and recommendation. Mr. Markham correctly notes that *Strickland v. Washington* sets the standard for alleging ineffective assistance of counsel in violation of the Sixth Amendment. To adequately plead an ineffective assistance of counsel claim under *Strickland*, a defendant must plausibly allege that their counsel's legal representation fell below an objective standard of reasonableness, and that—but for their counsel's actions—it is likely that the outcome of their legal proceedings would have been different. *Strickland*, 466 U.S. at 687, 694. A defendant may bring an ineffective assistance of counsel claim under § 1983 when their state court conviction has been reversed, expunged, or declared invalid, but where their conviction remains valid, *Heck* bars bringing such a claim under § 1983. *See Prince v. Ark. Bd. of Examiners of Psychology*, 380 F.3d 337, 340 (8th Cir. 2004) (explaining that under the *Rooker-Feldman* doctrine,[5] federal district courts cannot review state court judgments except for in the context of habeas corpus petitions); *see also Liedtke v. Runningen*, No. 15-CV-3361, 2016 WL 5660455, at *8 n.6 (D. Minn.

---

[5] "The *Rooker-Feldman* doctrine stands for the general principle that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court judicial decisions." *Prince v. Arkansas Bd. of Examiners in Psychology*, 380 F.3d 337, 340 (8th Cir. 2004) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).

Sept. 29, 2016) (citing *Heck*, 512 U.S. at 478–88 and *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005) (observing that a § 1983 claim for ineffective assistance of counsel necessarily "fail[s] as premature under *Heck v. Humphrey*, which bars damages actions based on an unlawful state court conviction unless it has been reversed, expunged, or declared invalid")), *aff'd*, 697 F. App'x 468 (8th Cir. 2017); *Loding v. Schaefer*, No. 8:21-CV-153, 2021 WL 4078284, at *2 (D. Neb. Sept. 8, 2021) (citing *Prince*, 380 F.3d at 340) ("To the extent Plaintiff challenges his conviction and sentence based on ineffective assistance of counsel, such a claim 'is improper outside of the habeas context under *Rooker-Feldman*.'"); *Sherman v. Hot Spring Cty.*, No. 13-6049, 2015 WL 1208618, at *9 (W.D. Ark. Mar. 17, 2015) ("A claim of ineffective assistance of counsel is one that should be brought in a habeas case. Plaintiff may not use the civil rights statutes as a substitute for habeas corpus relief."); *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) (citation omitted) ("[T]o the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, . . . ineffective assistance of counsel, or other grounds, his federal-court recourse is to file a habeas corpus action."). Thus, even assuming Mr. Markham has plausibly alleged a Sixth Amendment claim for ineffective assistance of counsel under *Strickland*, his pleadings concerning Ms. Turner and Ms. Martin fail because, when brought under § 1983 while his state conviction remains valid, his claim is barred by *Heck*.

Additionally, even setting this problem aside, the Court also agrees with the magistrate judge's finding that attorneys such as Ms. Turner and Ms. Martin—even when acting as

appointed public defenders—are not state actors and cannot be sued for constitutional violations under § 1983. *See Waller v. Morris*, 230 F.3d 1365 (8th Cir. 2000) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

For all these reasons, the Court finds that Mr. Markham has failed to state a claim against these Defendants upon which relief may be granted, and adopts the magistrate judge's recommendation as to their dismissal from this action.

### 6.   Defendants Wahi and Knutson

Mr. Markham alleges in his Complaint that Judges Richelle M. Wahi and David L. Knutson, who presided over Mr. Markham's state court criminal proceedings, committed various legal errors that violated his constitutional due process rights. (Compl. at 25–26.) Specifically, Mr. Markham claims that Judge Wahi permitted the prosecution to commit a *Brady*[6] violation "by withholding the Brooklyn Park Police 'original report,'" as documented in Judge Wahi's Findings of Fact. (*Id.*) Additionally, Mr. Markham alleges that Judge Knutson had an "evil intent" and showed "deliberate indifference [to the] violation of [Mr. Markham's] other constitutional right[s]" by "denying [Mr. Markham] a new trial for . . . newly discovered evidence" that the state had improperly withheld in violation of *Brady*, including several police reports, a 911 call transcript, and recorded witness testimony. (*Id.* at 26.)

---

[6] Under *Brady v. Maryland*, 373 U.S. 83, 86 (1963), a defendant may viably plead a constitutional due process violation by alleging facts that, taken as true, would demonstrate that the prosecution withheld evidence from defense counsel that was favorable to the defendant and material to their guilt or punishment.

The magistrate judge found that Mr. Markham's allegations against both state court judges fail for several reasons. (R&R at 10–11.) First, the magistrate judge found that Mr. Markham's allegations of judicial misconduct call into question the validity of his conviction, and thus, they are barred by *Heck*. (*Id.* at 10.) Second, even if his claims were not *Heck*-barred, the magistrate judge noted that "judges are absolutely immune from claims related to activities taken in their judicial capacities[,]" and thus, Mr. Markham's allegations against Judges Wahi and Knutson fail to state a claim on which relief may be granted. (*Id.* at 11.) For these reasons, the magistrate judge recommends the dismissal of both Defendants. (*Id.*)

In his Objections, Mr. Markham restates his allegations concerning Judge Wahi (although not Judge Knutson). (Pl.'s Objs. at 13–14.) Even construed liberally, the Court finds that Mr. Markham does not raise a specific objection to the magistrate judge's findings and recommendation concerning either Judge Wahi or Judge Knutson.

Mr. Markham's failure to object to the R&R with specificity requires only clear error review, *see Braun*, 2022 WL 17038976, at *3, but even under de novo review, the Court agrees with the magistrate judge's findings and recommendation for three reasons. First, Mr. Markham is correct that "[t]he government must disclose evidence favorable to a defendant whether requested or not." *United States v. Anwar*, 880 F.3d 958, 969 (8th Cir. 2018) (citing *United States v. Jones*, 101 F.3d 1263, 1272 (8th Cir. 1996)). However, the only entities whose actions can violate *Brady* are prosecutors—not judges—because it is prosecutors who are required to disclose state evidence that is reasonably likely to change the result of a criminal trial. *Strickler v. Greene*, 527 U.S. 263, 281 (1999). Second, because Mr. Markham's

*Brady*-related allegations call into question the validity of his conviction, they are barred by *Heck*. 512 U.S. 477, 486–87. And third, judges such as Judges Wahi and Knutson are immune from suit for actions taken in their judicial capacity with proper jurisdiction, even where they are accused of acting maliciously, corruptly, or in bad faith. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted).

For all these reasons, the Court finds that Mr. Markham has failed to state a claim against these Defendants upon which relief may be granted and is barred from seeking monetary relief for their actions because of judicial immunity. Therefore, the Court adopts the magistrate judge's recommendation as to their dismissal.

### 7. Defendants Harris and Kaldun

Mr. Markham alleges in his Complaint that his ex-girlfriend, Oxana Harris, and his former landlord, Diana Kaldun,[7] violated his constitutional rights in several respects. (Compl. at 27–30.) Specifically, Mr. Markham claims that Ms. Harris: (1) made inconsistent statements, including telling a 911 operator that "she had been hit in the mouth and her mouth was bleeding" but telling Officer Hilyar that "she had been hit and had a bloody nose[,]" "claim[ing] that she had been pushed to the ground" when she had "no visible marks on her body[,]" and "testif[ying] that she was in her bedroom . . . when Markham arrived[,]" but then "later stat[ing] that she was at the front door"; (2) claimed

---

[7] Mr. Markham provides a correction to this Defendant's name in his Objections, stating that "Diana Joy Kladum is **Diana Joy Kaldun**[.]" (*Id.* (emphasis in original).) The Court will refer to this Defendant as "Ms. Kaldun" for purposes of identification in its analysis.

she had "received several calls and text messages . . . from Markham" without any supporting evidence at trial; and (3) gave false testimony because she admitted that "[s]he was very intoxicated and did not remember the entire incident" and later attempted "to drop the charges" because "[s]he was feeling upset and disappointed in Markham when she was drunk and made the allegations." (*Id.* at 27–29.) Additionally, Mr. Markham alleged that Ms. Kaldun "violated tenants['] rights when she allow[ed a] Brooklyn Park Police Officer into [Mr. Markham's] home without a warrant" in violation of Minnesota Statute § 504B.211, subd. 2–3. (*Id.* at 30.)

The magistrate judge found that Mr. Markham's allegations concerning both Ms. Harris and Ms. Kaldun fail for several reasons. (R&R at 11–13.) First, the magistrate judge found that Mr. Markham's allegations against Ms. Harris were motivated by his desire to invalidate his conviction, which necessarily implicates *Heck's* bar on his claim under § 1983. (*Id.* at 11 (citing *Heck*, 512 U.S. 477, 486–87).) Second, the magistrate judge observed that both Ms. Harris and Ms. Kaldun are private actors, and thus, cannot be sued under § 1983 because they are not state actors. (*Id.* at 11–12.) And third, the magistrate judge found that Mr. Markham's state law claim against Ms. Kaldun was untimely because Mr. Markham brought the claim after the two-year limitations period for such actions had expired. (*Id.* at 12.) Thus, the magistrate judge recommends the dismissal of both Ms. Harris and Ms. Kaldun because Mr. Markham has alleged no claim for which relief may be granted against them. (*Id.* at 11–12.)

In his Objections, Mr. Markham restates his allegations against Ms. Harris and Ms. Kaldun, including that Ms. Harris "was being emotional and drunk" when she falsely

accused Mr. Markham of breaking into her residence, and that Ms. Kaldun unlawfully permitted law enforcement—without any warrant or exigent circumstances—to enter his home. (Pl.'s Objs. at 14–20.) Even construed liberally, the Court finds that Mr. Markham does not raise a specific objection to the magistrate judge's findings and recommendation concerning either Ms. Harris or Ms. Kaldun.

Because Mr. Markham does not object to the R&R with specificity as to these Defendants, this portion of the R&R requires only clear error review, *see Braun*, 2022 WL 17038976, at *3, but even under de novo review, the Court agrees with the magistrate judge's findings and recommendation for the following reasons. First, trial witnesses such as Ms. Harris have absolute immunity from § 1983 claims alleged based on their trial testimony. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012). Second, private actors like Ms. Harris and Ms. Kaldun generally may not be sued under § 1983 absent plausibly alleged facts that, taken as true, would demonstrate that they conspired with state officials acting under color of law to deprive a plaintiff of their constitutional rights—and no such facts concerning any conspiracy are alleged here. *See White v. McKinley*, 519 F.3d 806, 815–16 (8th Cir. 2008). Third, to the extent Mr. Markham challenges the validity of his conviction by claiming that Ms. Harris falsely accused him of a crime that he did not commit, his claims are barred by *Heck*. 512 U.S. 477, 486–87. And fourth, the magistrate judge correctly analyzed the statutory limitations period for Minnesota Statute § 504B.211, which states that "a landlord may enter the premises rented by a residential tenant only for a reasonable business purpose and after making a good faith effort to give the residential tenant reasonable notice under the circumstances of the intent to enter." Minn. Stat. Ann. § 504B.211, subd. 2. Furthermore,

even assuming that Ms. Kaldun violated § 504B.211 by permitting entrance into Mr. Markham's home without a reasonable business purpose, the alleged violation occurred on January 22, 2016, but Mr. Markham only filed his Complaint alleging this violation on January 24, 2022—more than six years after its occurrence. (Compl. at 7–9.) Minnesota has set a two-year limitations period for suits brought pursuant to penalty statutes such as § 504B.211. *See* Minn. Stat. Ann. § 541.07(2). Therefore, Mr. Markham's allegations against Ms. Kaldun fail to state a claim for which relief may be granted.

For all these reasons, the Court finds that Mr. Markham has failed to state a viable claim for relief against Ms. Harris or Ms. Kaldun and adopts the magistrate judge's recommendation as to their dismissal.

### 8.    Defendants Brooklyn Park Police Department, Mendota Heights Police Department, and Dakota County Judicial Center

Finally, Mr. Markham alleges in his Complaint that the police departments involved in investigating and arresting him—including the Brooklyn Park and Mendota Heights Police Departments—and the judicial building where his criminal proceedings occurred— the Dakota County Judicial Center—violated his constitutional rights in various ways. (Compl. at 30–32.) Specifically, Mr. Markham claims that the Brooklyn Park and Mendota Heights Police Departments violated his Fourth Amendment rights when their police officers entered his home and arrested him without probable cause and either a warrant or exigent circumstances. (*Id.* at 30–31.) Additionally, Mr. Markham claims that the Dakota County Judicial Center violated his rights because it acted as the "Booking County w/o warrant" in his arrest, and because of the actions of its employee, Ms. Bovitz, who testified

as a witness to facts establishing probable cause for Mr. Markham's arrest. (*Id.* at 5, 31–32.)

The magistrate judge found that Mr. Markham's allegations concerning both police departments and the Judicial Center fail for several reasons. (R&R at 13–14.) First, the magistrate judge found that although Mr. Markham could "sue the governmental entities responsible for the police departments," he could not sue the Brooklyn Park and Mendota Heights Police Departments themselves under § 1983. (*Id.* at 13.) Moreover, even construing his suit as against the Minnesota cities of Brooklyn Park and Mendota Heights, the magistrate judge found that he had failed to adequately allege that either city behaved unlawfully. (*Id.*) Even assuming that police officers employed by these cities unlawfully arrested Mr. Markham, the magistrate judge observed that a municipality, such as the cities of Brooklyn Park or Mendota Heights, cannot be liable based on the unlawful actions of its employees under a theory of respondeat superior—a legal theory shifting liability to employers for their employees' actions performed at work. (*Id.* (citing *Rogers v. King*, 885 F.3d 1118 (8th Cir. 2018)).)

Second, the magistrate judge found that Mr. Markham's claim against the Dakota County Judicial Center, a building currently occupied by Minnesota's Dakota County District Court, also does not plausibly allege a viable § 1983 claim. (*Id.* at 13–14.) Even construing Mr. Markham's Complaint to allege that Dakota County is the offending entity—rather than the physical building itself—he has not pleaded sufficient facts that, taken as true, demonstrate that the county acted unlawfully. (*Id.*) And third, the magistrate judge found that Mr. Markham's allegations against the Center relate entirely to the

conduct of their employee, Mr. Bovitz, and the magistrate judge observed that the county cannot be sued under § 1983 for its employee's unlawful actions. (*Id.* at 14.) Thus, the magistrate judge recommends the dismissal of these three Defendants because Mr. Markham has failed to state a viable claim against each of them. (*Id.*)

In his Objections, Mr. Markham concedes that "under § 1983, local governments are responsible only for their own illegal acts" and "are not vicariously liable under § 1983 for their employees' actions." (Pl.'s Objs. at 21 (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)).) Therefore, the Court finds that Mr. Markham does not raise a specific objection to the magistrate judge's findings and recommendation as to the Brooklyn Park Police Department, Mendota Heights Police Department, or Dakota County Judicial Center.

Mr. Markham's failure to object to the R&R as to these final three Defendants requires only clear error review, *see Braun*, 2022 WL 17038976, at *3, but even under a de novo standard, the Court finds that Mr. Markham has failed to state a claim upon which relief may be granted concerning the Brooklyn Park and Mendota Heights Police Departments and the Dakota County Judicial Center. Even construing Mr. Markham's allegations liberally and assuming he intends to sue the City of Brooklyn Park, the City of Mendota Heights, and Dakota County, the Court finds that he has not plausibly alleged that any Defendant's actions taken pursuant to an official municipal policy caused his injuries. *See Connick*, 563 U.S. at 60–61 (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691, 694 (1978)).

Accordingly, the Court finds that Mr. Markham has failed to state a viable claim against these three Defendants, and adopts the magistrate judge's recommendation as to their dismissal.

### B.    Additional Procedural Matters

Because Mr. Markham's unlawful arrest claim survives this initial review, the Court will provide some additional procedural guidance to advance this action. When  Magistrate Judge Thorson issued her R&R on March 7, 2022, she also separately ordered Defendants A. Tolbert, B. Miller, C. Glirbas, S. Hilyar, and M. Shepard "to file an answer or other responsive pleading . . . ." (Mar. 7 Order [Doc. No. 6] at 1.) A summons was issued on March 8 [Doc. No. 8], and summonses were executed and returned on April 7 [Doc. No. 10]. Consequently, Defendants A. Tolbert, B. Miller. C. Glirbas, S. Hilyar, and M. Shepard's answers were due on or before April 27, 2022. No answers or responses from these Defendants were filed by that date.

On November 9, 2022, Magistrate Judge Tony N. Leung[8] issued an Order noting that "more than 90 days ha[d] elapsed since suit was filed against Defendants A. Tolbert, B. Miller, C. Glirbas, S. Hilyar, and M. Shepard" in violation of both the Federal Rules of Civil Procedure's requirements, and the requirements set forth by the Local Rules of this District. (Nov. 9 Order [Doc. No. 15] at 2.) Consequently, the magistrate judge ordered Plaintiff to immediately notify Defendants Tolbert, Miller, Glirbas, Hilyar, and Shepard "that they are

---

[8] On October 17, 2022, the Clerk of Court reassigned this case to Magistrate Judge Leung upon Magistrate Judge Thorson's retirement [Doc. No. 14].

required to answer or otherwise plead to the complaint" or seek an extension, and if Defendants failed to do so, ordered Mr. Markham to "file an application for entry of default within 30 days of the date of [the November 9] Order." (*Id.*) Nine days later—before the period for Defendants' responsive pleadings had expired under the November 9 Order—Mr. Markham filed a Motion for Default Judgment [Doc. No. 16].

The Court notes that, at the time of this writing, there has been no responsive pleading filed by the served Defendants in this matter, nor has there been any request for an extension. The Court further notes that no counsel has made an appearance on behalf of the served Defendants.

Therefore, in the interests of a just resolution on the merits to this action, the Court sua sponte orders that:

1. Mr. Markham shall immediately provide written notice to Defendants A. Tolbert, B. Miller, C. Glirbas, S. Hilyar, and M. Shepard, or their counsel, that Defendants must answer or otherwise respond to the Complaint within 30 days of the date of this Order and accompany that written notice with a copy of this Order;

2. Mr. Markham shall file proof to this Court that he has provided this notice and the Order to Defendants or their counsel no later than 15 days from the date of this Order;

3. Defendants shall answer or otherwise respond to the Complaint within 30 days of the date of this Order;

4. If Defendants fail to timely file an answer or otherwise respond after this second warning, Mr. Markham shall file an application for entry of default from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a) no sooner than 30 days after the date of this Order, but no later than 45 days from the date of this Order; and

5. Once default is entered by the clerk, Mr. Markham may file a motion for default judgment pursuant to Fed. R. Civ. P. 55(b), or alternatively, shall advise the Court in writing of any good cause to the contrary.

Failure to comply with this Order may result in dismissal of this action for failure to prosecute.

## III.    CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.    The Court **ADOPTS** Magistrate Judge Becky R. Thorson's March 7, 2022 Report and Recommendation [Doc. No. 5] in its entirety;

2.    Mr. Markham's Objections  [Doc. No. 9] to the Report and Recommendation are **OVERRULED**;

3.    Defendants Denise Urmann, Rawlings, Jennifer S. Bovitz, Dain Olson, Heather D. Pipenhagen, Ryan Olson, Catherine Turner, Sara L. Martin, Richelle M. Wahi, David L. Knutson, Oxana Harris, Diana Kladum, Brooklyn Park Police Department, Mendota Heights Police Department, and Dakota County Judicial Center are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A;

4.    The parties shall fully comply with this Order's procedural requirements set forth under Section II.B; and

5.    Mr. Markham's Motion for Default Judgment [Doc. No. 16] is **DENIED WITHOUT PREJUDICE** as unripe based on this Order.


Dated:  December 20, 2022            /s Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge