UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Oji Konata Markham,

    Plaintiff,

v.

A. Tolbert, Officer 209, *et al.*,

    Defendants.

Case No. 22-cv-187 (SRN/TNL)

**ORDER**

    This matter comes before the Court on pro se Plaintiff Oji Konata Markham's motion, ECF No. 27, for a referral to the Pro Se Project.[1]

    "In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added); *see, e.g.*, *Crozier for A.C. v. Westside Comm. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."[2] *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to

---

[1] The Pro Se Project is a collaboration between the United States District Court for the District of Minnesota and the Minnesota Chapter of the Federal Bar Association through which volunteer lawyers donate their time to assist unrepresented individuals.
[2] The Court finds these factors similarly informative in determining whether a referral to the Pro Se Project should be made.

determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *accord Crozier*, 973 F.3d at 890; *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

Plaintiff previously moved for the appointment of counsel. *See generally* ECF No. 12. Magistrate Judge Becky R. Thorson[3] noted that Plaintiff did "not explain why the appointment of counsel [wa]s warranted . . . other than that he is pro se in this matter." ECF No. 13 at 1. Denying Plaintiff's request for appointment of counsel, Magistrate Judge Thorson explained:

> Here, Plaintiff brings claims under 42 U.S.C. § 1983 against the various officers, attorneys, and judges related to his criminal proceedings. (Doc. No. 1.) This Court has already recommended that many of these Defendants be dismissed and that only a single claim, unlawful arrest pursuant to § 1983, should go forward against a single group of Defendants. (*See generally* Doc. No. 5.) The facts pled by Plaintiff regarding this remaining claim do not present complex factual or legal issues that would warrant appointment. Nor does the Court find that Plaintiff is unable to investigate the facts or articulate his claims to the Court. Accordingly, after reviewing the factors, the Court finds that this case does not warrant the appointment of counsel.

ECF No. 13 at 2.

In the instant motion, Plaintiff similarly requests a referral to the Pro Se Project without explaining why such a referral is warranted in this matter.[4] Since the denial of his prior request for appointment of counsel, the previously issued Report and

---

[3] This matter was reassigned to the undersigned following the retirement of Magistrate Judge Thorson. ECF No. 14.
[4] The bulk of Plaintiff's motion appears to be pasted from the "Early Settlement Conference Project Pro Se Litigant Information" sheet available on the Court's website. *See generally ESCP Pro Se Litigant Information*, https://www.mnd.uscourts.gov/forms/escp-pro-se-litigant-information (last accessed Mar. 14, 2023).

Recommendation, ECF No. 5, has been adopted, ECF No. 17.  The only remaining claim is Plaintiff's unlawful-arrest claim against Defendants A. Tolbert, B. Miller, C. Glirbas, Officer 193, S. Hilyar, and M. Shepard.  ECF No. 17 at 11-14, 33.

Plaintiff's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court.  Like Magistrate Judge Thorson, the undersigned similarly finds that the factual and legal issues underlying this litigation do not appear any more complex than other civil-rights matters routinely brought before this Court.

Based on the foregoing, the Court concludes that a referral to the Pro Se Project is not warranted at this time.  The Court will, however, direct the Clerk of Court to provide Plaintiff with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Plaintiff who are representing themselves.  Lastly, should this matter proceed to trial, Plaintiff may renew his request for appointment of counsel at that time.  *See Trotter*, 636 F. App'x at 373.

[Continued on next page.]

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's motion for a referral to the Pro Se Project, ECF No. 27, is **DENIED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff with a copy of the Court's Pro Se Civil Guidebook.

Date: March  16 , 2023

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Markham v. Tolbert et al.*
Case No. 22-cv-187 (SRN/TNL)