UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OJI KONATA MARKHAM, | Case No.: 0:22-CV-00187 (SRN/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| A. TOLBERT, et. al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Oji Konata Markham's Motion to Challenge Jurisdiction, [Doc. No. 81], and Motion to Disqualify Judge, [Doc. No. 82].

Turning first to Plaintiff's Motion to Challenge Jurisdiction, [Doc. No. 81], the Court construes this motion as a request for relief from the Order for Summary Judgment under Fed. R. Civ. P. 60. In general, "Rule 60(b) provides for extraordinary relief which may be granted upon an adequate showing or exceptional circumstances." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 371 (8th Cir. 1994) (internal citation omitted). Relief under Rule 60 is "exceedingly rare." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007). Upon thorough review, the Court finds no basis to grant relief under Rule 60. This Motion is therefore denied.

This Court views Plaintiff's Motion to Disqualify Judge, [Doc. No. 82], as a request for recusal pursuant to 28 U.S.C. § 144. The issue of "whether disqualification is required in a particular case is committed to the sound discretion of the district judge." *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996) (internal quotation omitted). "The test for recusal is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *United States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009) (internal quotation and citation omitted). "A party introducing a motion to recuse

1

carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Johnson v. Steele*, 999 F.3d 584, 587 (8th Cir. 2021).

Here, Plaintiff has clearly not met the "heavy burden" of demonstrating that a reasonable person would question the Court's impartiality.  Plaintiff plainly takes issue with the Court's analysis in its Order for Summary Judgment—Plaintiff challenges the Court's recitation of the facts, and the application of the law to those facts.  *See generally* [Doc. No. 82].  And in his affidavit in support of his Motion to Disqualify Judge, he asks this Court to consider additional evidence in support of his contention that the defendants violated his constitutional rights.  [Doc. No. 83].  But "[a]n adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality."  *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 665 (8th Cir. 2003) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Accordingly, Plaintiff's Motion to Disqualify Judge, [Doc. No. 82], is similarly denied.

One final matter requires discussion:  The Court finds that Plaintiff's Motion to Challenge Jurisdiction, [Doc. No. 81], and Motion to Disqualify Judge, [Doc. No. 82], lack an arguable basis in fact or in law.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (an appeal is frivolous and therefore cannot be taken in good faith "where it lacks an arguable basis in either law or in fact").  Thus, this Court hereby certifies that an appeal of this Order would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Oji Konata Markham's Motion to Challenge Jurisdiction, [Doc. No. 81], is **DENIED**.

2. Plaintiff Oji Konata Markham's Motion to Disqualify Judge, [Doc. No. 82], is **DENIED**.

3. An appeal of this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: April 2, 2024

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge